**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CARYN TAYLOR, | |
| Plaintiff, | 2:18-cv-01777-VCF |
| vs. | |
| ANDREW SAUL, Acting Commissioner of Social Security, | **ORDER** |
| Defendant. | |

This matter involves Plaintiff Caryn Taylor's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Taylor's Motion for Reversal or Remand (ECF No. 11) and the Commissioner of Social Security's Motion to Affirm (ECF No. 12). For the reasons stated below the Court GRANTS Taylor's motion to reverse or remand and DENYS the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

**I.  Factual Background**

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Taylor suffered from a severe combination of impairments including spina bifida with a tethered cord, status post laminectomies, and multiple cord release surgeries. (AR 18).[1] The ALJ examined relevant medical evidence including opinions and reports of treating physician Robert Balsiger, D.O. and Thomas Alfreda, D.O., opinions of Disability Determination Services consultants Alicia Blando, M.D., and Tawnya Brode, Psy. D., and records of medical treatment. (AR 20 - 23). The ALJ found that Plaintiff Taylor did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526), thus the ALJ denied her social security benefits. (AR 22 - 23).

---

[1] AR signifies a citation to the administrative record.

The ALJ concluded Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could never climb ladders, ropes, and scaffolds; could only occasionally balance or crawl; could only frequently stoop, kneel, crouch, or climb ramps and stairs; must have avoided concentrated exposure to vibration; and could never be exposed to hazards such as unprotected heights or unshielded machinery. (AR 19). The ALJ found that Plaintiff could perform past relevant work as a medical assistant as this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from March 30, 2005, through the date of the decision on September 30, 2010. (*Id*. at 27).

Plaintiff challenges the ALJ's finding based on the ALJ's adoption of the non-examining physician's opinion over the treating physician's assessment. (ECF NO. 11).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Taylor is not disabled. (ECF NO. 12).

**Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

In a disability determination a treating physician's opinion weighs more heavily than a non-treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). If the treating physician's opinion is uncontradicted it can only be rejected for "clear and convincing reasons."

*Id.* If the treating physician's opinion is contradicted it can only be rejected by providing "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Id.* An ALJ can show specific and legitimate reasons by writing a "detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ must explain his or her interpretations and offer more than just conclusions. *Id.*

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ considered but did not give significant weight to treating physician Balsiger.

Plaintiff states that the ALJ rejected Dr. Balsiger's opinion with the rationale that:

> Dr. Balsiger is an acceptable medical source who examined the claimant, but only in preparation for the hearing, and reviewed medical records provided by the claimant. However, this opinion is not consistent with the medical evidence of record prior to the claimant's date last insured.

Plaintiff states that the ALJ's reason for rejecting Dr. Basiger is insufficient. The ALJ instead adopted the State agency opinion of Dr. Alicia Blando. (AR 86-90).

Plaintiff states that Dr. Balsiger had no "direct personal knowledge" of Taylor's condition prior to when the doctor-patient relationship began, his opinion of an earlier period is "scarcely different from any non-treating physician with respect to that time period." *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th 1989). Plaintiff states that the opinions of Dr. Blando and Balsiger may be considered initially on approximately equal footing; however, when applying the regulatory factors to the competing opinions, Dr. Balsiger's opinion trumps that of Dr. Blando's. (ECF NO. 11).

The Commissioner argues that Plaintiff failed to prove legal error with the ALJ's evaluation of the medical opinion evidence, including the April 12, 2017 Physical Residual Functional Capacity Assessment form by Robert Balsiger, D.O. The Commissioner argues that there was a permissible reason for the ALJ to give less weight to Dr. Balsiger's opinion. *See* Thomas, 278 F.3d at 957 (ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is inadequately supported by clinical findings); *cf.* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").

The ALJ reviewed Dr. Balsiger's records and states that Dr. Balsiger found that Taylor's pain would constantly interfere with her attention and concentration; she would be incapable of even low stress jobs; she could walk one city block without pain; she could sit for 10-15 minutes at a time and for two hours total of an eight hour workday; could stand for 15-20 minutes at a time and for a two hours of an eight hour workday; she must have walked for 10 minutes every 15 to 20 minutes; she must have had the ability to shift between sitting, standing, and walking at will; she would require a 10 minute break every 15-20 minute; she must have her legs elevated a couple of inches off the ground for a quarter of the day;

she would have required the use of a cane; she could lift and carry at most 10 pounds rarely; she could only occasionally look down, but could frequently hold her head in any other position; she could only occasionally crouch or squat; she could only rarely twist, stoop, or climb stairs; she could never climb ladders; she could only reach with either arm 50 percent of the time; she could only handle and finger with either hand 80 percent of the time; and she would likely be absent more than four days per month. (AR 21). The ALJ states that Dr. Balsiger is an acceptable medical source but assigned little weight to Dr. Balsiger's opinion because he examined Taylor and reviewed her medical records only in preparation for the Social Security hearing. The ALJ states that Dr. Balsiger's opinion is not consistent with the medical evidence record prior to the claimant's date last insured. *Id.*

The ALJ instead assigned great weight to Dr. Blando. (AR 20). Dr. Blando opined that Taylor had the capacity to perform work at the light level of exertion, except that she could never climb ladders, ropes, and scaffolds; could only occasionally crawl; could only frequently stoop or climb ramps and stairs' and must have avoided concentrated exposure to vibration and workplace hazards such as unprotected heights and unshielded machinery. *Id.* Dr. Blando only reviewed Taylor's medical records but never examined Taylor. *Id.*

Plaintiff bases her entire argument on her allegation that the ALJ did not properly articulate reasons for rejecting Dr. Balsiger's RFC form and that the ALJ gave more weight to the opinion of State agency reviewing physician, Alicia Blando, M.D. (*see* Pl. Mot.).

Pursuant to 20 C.F.R. § 404.1527 (c)(1), generally, the longer a treating source has treated the patient and the more times the patient have been seen by a treating source, more weight will be given to the source's medical opinion. If the treating source has seen the patient several times and long enough to have obtained a longitudinal picture of that patient's impairment, that medical source's medical opinion will be given more weight than if it were from a nontreating source.

The ALJ states that Dr. Balsiger is an acceptable medical source who examined the claimant, but only in preparation for the hearing, and reviewed medical records provided by the claimant. (AR 21).

The court finds that the ALJ erred by stating that Dr. Balsiger only examined claimant in preparation for the hearing. Dr. Balsiger saw and treated Plaintiff Taylor on November 22, 2016, December 9, 2016, December 29, 2016, January 12, 2017, and April 6, 2017. (AR 1033 to AR 1049). Dr. Balsiger was a treating doctor that saw Taylor five times. Here, Dr. Balsiger saw Taylor several times and long enough to have obtained a longitudinal picture of that her impairment. Dr. Balsiger's medical opinion should be given more weight than if it were from a nontreating source. *See* 20 C.F.R. § 404.1527 (c)(1).

The ALJ also failed to give specific and legitimate reasons supported by substantial evidence in the record for giving less weight to Dr. Balsiger. *See Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ gave more weight to Dr. Blando, who only reviewed limited medical records and cited a single examination as the basis of his opinion. (AR 87-88). Dr. Balsiger reviewed Taylor's "medical records and medical history" with Taylor in "full detail." (AR 1033).

Dr. Balsiger is also neurologist which makes him a specialist. Under 20 C.F.R. § 404.1527 (c)(5), more weight is given to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist. Thus, this regulatory factor weighs in favor of Dr. Balsiger. Dr. Balsiger's opinion is also consistent with treating physician Alfreda. (AR 1055-1061).

An ALJ must provide specific and legitimate reasons based on substantial evidence in the record for rejecting an examining physician's opinion that is contradicted by another doctor. *Lester*, 81 F.3d at 830–31. The ALJ erred by not stating specific and legitimate reasons for rejecting treating physician Balsiger's opinion; thus, this error affected Taylor's residual functional capacity.

7

ACCORDINGLY,

IT IS HEREBY ORDERED that Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul[2] for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

IT IS FURTHER ORDERED that Plaintiff Taylor's Motion to Remand (ECF NO. 11) is GRANTED and Defendant Andrew Saul's Motion to Affirm (ECF NO. 12) is DENIED. This action is REMANDED to the administrative law judge for further proceedings.

The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against the Defendant, reversing the final decision of the Commissioner.

DATED this 24th day of January, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] After the parties briefed the motion, Andrew Saul was sworn in as Commissioner of the Social Security Administration. As permitted under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.